# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MELVIN GREEN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1343V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Decision Dismissing |
| AND HUMAN SERVICES, | * | Claim; Pneumococcal (Prevnar 13); |
| | * | Specific Antibody Deficiency |
| Respondent. | * | (SAD); Chronic Pansinusitis. |
| * * * * * * * * * * * * | | |

*Kelly D. Burdette*, Burdette Law PLLC, North Bend, WA, for petitioner.
*Darryl P. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On August 31, 2018, Melvin Green ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a pneumococcal vaccination (Prevnar 13), he developed a specific antibody deficiency (SAD), which caused him to be susceptible to and unable to mount an antibody response to sinus infections, which in turn caused him to develop chronic pansinusitis. Amended Petition filed November 18, 2019 (ECF No. 28) at Preamble. The information in the record, does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 15, 2020, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 47). An investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. In these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a decision dismissing his petition will result in a judgment against him. *Id.* at ¶ 3. He has been advised that such a judgment will end all of his rights in the Vaccine Program. *Id.* Petitioner understands that he may apply for fees and costs once his case is dismissed and judgment is entered against him. *Id.* at ¶ 4. Respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.*

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that he suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that he suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not contain persuasive evidence that petitioner suffered a "Table Injury." Thus, he is limited to alleging causation-in-fact. The record does not contain persuasive evidence indicating that petitioner's injury was caused or in any way related to the vaccine which he received.

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner has not submitted an expert report or medical literature.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).